UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


YVES ANDRE JOURDAIN,

     Petitioner,

v.                                                Case No. 8:06-cv-127-T-23TGW

DEPARTMENT OF HOMELAND SECURITY,

     Respondent.

_____/


**O R D E R**

     Jourdain petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 and challenges his continued confinement pending deportation. Although a final order of deportation issued on June 11, 2002, and required his deportation to his native Haiti, Jourdain represents that he was not taken into immigration custody until five months ago. He contends that he must be released from custody if his deportation is not effected within six months and, relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), he contends that the likelihood of deportation in the reasonably foreseeable future is insignificant. Jourdain is correct that *Zadvydas* controls his situation; however, *Zadvydas* requires dismissal of this action.

     After an in-depth review of the pertinent immigration statutes, *Zadvydas* concludes that "once removal [deportation] is no longer reasonably foreseeable,

continued detention [of the alien] is no longer authorized by statute." *Zadvydas*, 533

U.S. at 699.  *Zadvydas* explains as follows:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal.  Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.  In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised  release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions.

*Zadvydas*, 533 U.S. at 699 (citations omitted).  To ensure "uniform administration in the

federal courts," *Zadvydas* acknowledged the reasonableness of six months and

explained:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

Jourdain not only has failed to provide "good reason to believe that there is no

significant likelihood of removal in the reasonably foreseeable future," *Zadvydas*, 533

U.S. at 701, his detention has not exceeded six months.  Consequently, because

Jourdain has not met his burden pursuant to *Zadvydas*, the petition is insufficient.  If

circumstances change and Jourdain demonstrates that his release is not foreseeable

and that his custody exceeds six months, he may file a new petition with a new case number to challenge his continued detention.

Accordingly, the petition for writ of habeas corpus is **DENIED**.  The clerk shall enter a judgment against Jourdain and close this action.

ORDERED in Tampa, Florida, on January 26, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

- 3 -